**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| MASTERBUILT MANUFACTURING, INC., a Georgia Corporation, <br><br>    Plaintiff, <br><br>v. <br><br>THE SPORTSMAN'S GUIDE, INC. a Minnesota Corporation, <br><br><br><br>    Defendant. | ) ) ) ) ) Civil Action File ) No.: <u>4-14-cv-112 (CDL)</u> ) ) ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) |

**COMPLAINT**

Plaintiff, Masterbuilt Manufacturing, Inc. states as its Complaint as follows:

**I.     JURISDICTION AND VENUE**

1.     This is an action for trademark infringement, design patent infringement, utility patent infringement, and deceptive trade practices arising from the unlawful conduct of defendant The Sportsman's Guide Inc. ("Defendant").

2.     This Court has subject matter jurisdiction over the cause of action set forth herein pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1338(b) because they form some part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this judicial district and division pursuant to Middle District of Georgia Local Rule 3.4 and pursuant to 28 U.S.C. §§1391(b) and 28 U.S.C. §1400(b).

**II.     THE PARTIES**

4.      Plaintiff Masterbuilt Manufacturing, Inc., ("Masterbuilt") is a Georgia Corporation, with its principal place of business at 1 Masterbuilt Court, Columbus, Georgia 31907.

5.      Upon information and belief, The Sportsman's Guide, Inc. ("Defendant") is a Minnesota Corporation with a principal place of business at 411 Farwell Avenue, South St. Paul, Minnesota 55075.

**III.    THE CONTROVERSY: TRADEMARK INFRINGEMENT**

6.      Masterbuilt owns all right, title, and interest in U.S. Trademark Registration Number 2,812,802 (the "'802 Trademark"). A copy of the '802 Trademark is attached to this complaint as Exhibit A.

7.      The subject matter of the '802 Trademark relates to "truck and automobile accessories – namely, detachable hitch-mounted metal storage and carrying rack."

8.      Masterbuilt has in the past and continues to use its registered "Hitch Haul" trademark with a detachable hitch-mounted metal storage product, as shown in Exhibit B.

9.      The trademark application that matured into the '802 Trademark was filed with the U.S. Patent and Trademark Office on April 17, 2003, and assigned serial number 76511619 (the "'619 Application"). The '619 Application was published for opposition on November 18, 2003.

10.     On February 10, 2004, the U.S. Patent and Trademark Office duly and properly issued the '802 Trademark to Masterbuilt.

11. Defendant is currently advertising and selling a detachable hitch-mounted metal storage and carrying rack with the name "Hitch Hauler." A print out of Defendant's website demonstrating its offer to sell this product is attached to this complaint as Exhibit C.

12. Defendant is using the "Hitch Hauler" name for the same goods as Masterbuilt is using its registered "Hitch Haul" trademark, namely a detachable hitch-mounted metal storage and carrying rack.

13. Upon information and belief, Defendant is acting and has acted with knowledge that its copying and use of the '802 Trademark is unauthorized and unlawful and with the intent to cause confusion and/or mistake and/or to deceive. Masterbuilt sent a letter to Defendant on March 20, 2012 expressing concern about potential infringement as a result of Defendant's use of the "Hitch Hauler" name with Defendant's detachable hitch-mounted metal storage and carrying rack. A copy of this letter is attached to this complaint at Exhibit D.

14. Upon information and belief, Defendant has reproduced, copied, and/or imitated the '802 Trademark in connection with the sale, offering for sale, distribution, and/or advertising of goods in a manner likely to cause confusion and/or mistake and/or to deceive in violation of 15 U.S.C. §1125.

15. Defendant's trademark infringement has caused and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate and irreparable injury to Masterbuilt's business, reputation and goodwill for which it is without an adequate remedy at law.

16. In addition, as a direct and proximate result of Defendant's trademark infringement, Masterbuilt has suffered and is continuing to suffer injury, loss and damages.

## IV. THE CONTROVERSY: DESIGN PATENT INFRINGEMENT RELATED TO DEFENDANT'S ELECTRIC SMOKER

17. Masterbuilt owns all right, title, and interest in U.S. Patent No. D615,798 ("the '798 Patent"). A copy of the '798 Patent is attached as Exhibit E.

18. The subject matter of the '798 Patent relates to the ornamental design for a smoker. In particular, the '798 Patent relates to a novel, nonobvious, ornamental design for an electric smoker that gives food items a distinctive smoked flavor.

19. The design patent application that matured into the '798 Patent was filed with the U.S. Patent and Trademark Office on January 5, 2009, and was assigned application number 29/311,152.

20. On May 18, 2010, the U.S. Patent and Trademark Office duly and properly issued the '798 Patent.

21. On August 19, 2010, the named inventors of the '798 Patent, Messrs. John D. McLemore and Don McLemore, assigned all right, title, and interest they had in the '798 Patent to Masterbuilt. A copy of this assignment is attached as Exhibit F.

22. The Defendant has notice of the '798 Patent and the infringement alleged herein at least upon filing of this complaint (if not earlier), pursuant to 35 U.S.C. § 287(a).

23. As such, Masterbuilt has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, or selling its patented invention, including the right to bring this action for injunctive relief and damages.

24. Upon information and belief, Defendant has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the novel, nonobvious, and ornamental design of the '798 Patent in violation of 35 U.S.C. § 271.

25. As one example of Defendant's infringing products, Defendant offers for sale on its Website a "Guide Gear 30" Electric Stainless Steel Smoker." A print out of Defendant's Website offering the Guide Gear 30" Electric Stainless Steel Smoker is attached to this complaint as Exhibit G.

26. Upon information and belief, Defendant sells and offers for sale the Guide Gear 30" Electric Stainless Steel Smoker within this judicial district and elsewhere throughout the United States.

27. Masterbuilt has suffered and continues to suffer damages as a direct and proximate result of Defendant's infringement and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

## V. THE CONTROVERSY: UTILITY PATENT INFRINGEMENT RELATED TO DEFENDANT'S ELECTRIC SMOKER

28. Masterbuilt owns all right, title, and interest in U.S. Patent No. 7,703,389 ("the '389 Patent"). A copy of the '389 Patent is attached as Exhibit H.

29. The subject matter of the '389 Patent relates to an electronically-monitored cooking apparatus for use as a smoker, griller, and/or fryer.

30. The patent application that matured into the '389 Patent was filed with the U.S. Patent and Trademark Office on May 2, 2006, and was assigned application number 11/415,415 ("the '415 Application"). The '415 Application claims priority to patent application number 11/020,027, filed December 23, 2004, and to patent application number 10/917,418, filed August 13, 2004, and to patent application number 10/640,691, filed on August 14, 2003.

31. On April 27, 2010, the U.S. Patent and Trademark Office duly and properly issued the '389 Patent.

32. On August 19, 2010, the named inventors of the '389 Patent, Messrs. John D. McLemore and Don McLemore, assigned all right, title, and interest they had in the '389 Patent to Masterbuilt. A copy of this assignment is attached as Exhibit I.

33. The Defendant has notice of the '389 Patent and the infringement alleged herein at least upon filing of this complaint (if not earlier), pursuant to 35 U.S.C. § 287(a).

34. As such, Masterbuilt has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, importing, offering for sale, or selling its patented invention, including the right to bring this action for injunctive relief and damages.

35. Upon information and belief, Defendant has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the '389 Patent in violation of 35 U.S.C. § 271.

36. As one example of Defendant's infringing products, Defendant offers for sale on its website a "30" Electric Smoker." See Exhibit G.

37. Upon information and belief, Defendant sells and offers for sale the 30" Electric Smoker within this judicial district and elsewhere throughout the United States.

38. Masterbuilt has suffered and continues to suffer damages as a direct and proximate result of Defendant's infringement and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

## VI. THE CONTROVERSY: DESIGN PATENT INFRINGEMENT RELATED TO DEFENDANT'S TURKEY FRYER

39. Masterbuilt owns all right, title, and interest in U.S. Patent No. D560,424 ("the '424 Patent"). A copy of the '424 Patent is attached as Exhibit J.

40. The subject matter of the '424 Patent relates to the ornamental design for a cooking fluid cooking apparatus. In particular, the '424 Patent relates to a novel, nonobvious, ornamental design for a cooking fluid cooking apparatus.

41. The design patent application that matured into the '424 Patent was filed with the U.S. Patent and Trademark Office on May 16, 2005 and was assigned application number 29/229,943 ("the '943 Application"). The '943 Application claims priority to patent application number 29/219,017, filed December 13, 2004, and to patent application number 10/917,418, filed August 13, 2004, and to patent application number 10/640,691, filed on August 14, 2003.

42. On January 29, 2008, the U.S. Patent and Trademark Office duly and properly issued the '424 Patent.

43. On February 16, 2010, the sole named inventor of the '424 Patent, Mr. John D. McLemore, assigned all right, title, and interest he had in U.S. Patent No. 6,941,857 ("the '857 Patent") and any continuations thereof to Masterbuilt. The '424 Patent is a continuation of the '857 Patent and was therefore included in this assignment. A copy of this assignment is attached as Exhibit K.

44. The Defendant has notice of the '424 Patent and the infringement alleged herein at least upon filing of this complaint (if not earlier), pursuant to 35 U.S.C. § 287(a).

45. As such, Masterbuilt has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, or selling its patented invention, including the right to bring this action for injunctive relief and damages.

46. Upon information and belief, Defendant has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the novel, nonobvious, and ornamental design of the '424 Patent in violation of 35 U.S.C. § 271.

47. As one example of Defendant's infringing products, Defendant offers for sale on its Website a "Guide Gear® 15L Electric Turkey Fryer." A print out of Defendant's website demonstrating its offer for sale of this infringing product is attached to this complaint as Exhibit L.

48. Upon information and belief, Defendant sells and offers for sale the Guide Gear® 15L Electric Turkey Fryer within this judicial district and elsewhere throughout the United States.

49. Masterbuilt has suffered and continues to suffer damages as a direct and proximate result of Defendant's infringement and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

## VII.   THE CONTROVERSY: UTILITY PATENT INFRINGEMENT RELATED TO DEFENDANT'S TURKEY FRYER

50. Masterbuilt owns all right, title, and interest in U.S. Patent No. 6,941,857 ("the '857 Patent"). A copy of the '857 Patent is attached as Exhibit M.

51. The subject matter of the '857 Patent relates to a domestic fryer assembly including an interconnected shell and cooking pot.

52. The patent application that matured into the '857 Patent was filed with the U.S. Patent and Trademark Office on August 14, 2003, and was assigned application number 10/640,691 ("the '691 Application"). The '691 Application claims priority to provisional patent application number 60/402,912, filed August 14, 2002.

53. On September 13, 2005, the U.S. Patent and Trademark Office duly and properly issued the '857 Patent.

54. On February 16, 2010, the sole named inventor of the '857 Patent, Mr. John D. McLemore, assigned all right, title, and interest he had in the '857 Patent to Masterbuilt. A copy of this assignment is attached as Exhibit K.

55. The Defendant has notice of the '857 Patent and the infringement alleged herein at least upon filing of this complaint (if not earlier), pursuant to 35 U.S.C. § 287(a).

56. As such, Masterbuilt has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, importing, offering for sale, or selling its patented invention, including the right to bring this action for injunctive relief and damages.

57. Upon information and belief, Defendant has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the '857 Patent in violation of 35 U.S.C. § 271.

58. As one example of Defendant's infringing products, Defendant offers for sale on its Website a "Guide Gear® 15L Electric Turkey Fryer." A print out of Defendant's website demonstrating the offer for sale of the Guide Gear® 15L Electric Turkey Fryer is attached to this complaint as Exhibit L.

59. Upon information and belief, Defendant sells and offers for sale the Guide Gear® 15L Electric Turkey Fryer within this judicial district and elsewhere throughout the United States.

60. Masterbuilt has suffered and continues to suffer damages as a direct and proximate result of Defendant's infringement and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

## **COUNT ONE – TRADEMARK INFRINGEMENT**

61. Masterbuilt realleges and incorporates herein the allegations of paragraphs 6 through 16 of this Complaint as if fully set forth herein.

62. Upon information and belief, Defendant has reproduced, copied, and/or imitated the '802 Trademark in connection with the sale, offering for sale, distribution, and/or advertising of goods and services in a manner likely to cause confusion and/or mistake and/or to deceive.

63. Masterbuilt provided Defendant notice of registration of the '802 Trademark by displaying with the mark the letter 'R' enclosed within a circle in compliance with the requirements of 15 U.S.C. § 1111.

64. Masterbuilt's registration of the '802 Trademark constitutes prima facie evidence of the validity of the '802 Trademark, of Masterbuilt's ownership of the '802 Trademark, and of Masterbuilt's exclusive right to use the '802 Trademark in commerce.

65. Upon information and belief, Defendant is acting and has acted with knowledge that its copying and use of the '802 Trademark is unauthorized and unlawful and with the intent to cause confusion and/or mistake and/or to deceive in violation of 15 U.S.C. §1125.

66. Defendant's trademark infringement has caused and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate and irreparable injury to Masterbuilt's business, reputation and goodwill for which it is without an adequate remedy at law. Masterbuilt is entitled to an injunction under 15 U.S.C. §1116.

67. In addition, as a direct and proximate result of Defendant's trademark infringement, Masterbuilt has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, and is entitled to recover monetary damages, attorneys' fees and costs and a disgorgement of Defendant's unlawful gains and profits.

## COUNT TWO – DECEPTIVE TRADE PRACTICES

68. Masterbuilt realleges and incorporates herein the allegations of paragraphs 6 through 16 of this Complaint as if fully set forth herein.

69. Defendant has engaged in deceptive trade practices under the common and statutory law of the State of Georgia, O.C.G.A. § 10-1-372(a).

70. Defendant has engaged in deceptive trade practices by, but not limited to, engaging in the following conduct: passing off goods as those of another, causing a likelihood of confusion as to the source of its goods, disparaging the goods or business of another by false or misleading representation of facts, and other conduct which similarly creates a likelihood of confusion or misunderstanding.

71. Masterbuilt has suffered and continues to suffer damages as a direct and proximate result of Defendant's infringement and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

## COUNT THREE – DESIGN PATENT INFRINGEMENT: U.S. PATENT NO. D615,798

72. Masterbuilt realleges and incorporates herein the allegations of paragraphs 17 through 27 of this Complaint as if fully set forth herein.

73. Upon information and belief, Defendant has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the claim of the '798 Patent in violation of 35 U.S.C. §271. The infringing products imported, made, used, offered for sale, and/or sold by Defendant include, but are not necessarily limited to, the Guide Gear 30" Electric Stainless Steel Smoker discussed herein.

74.     Masterbuilt has suffered and continues to suffer damages as a direct and proximate result of Defendant's infringement and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

75.     Masterbuilt is entitled to: (a) damages adequate to compensate it for Defendant's infringement; (b) its attorneys' fees and costs; and (c) a permanent injunction.

## COUNT FOUR – UTILITY PATENT INFRINGEMENT: U.S. PATENT NO. 7,703,389

76.     Masterbuilt realleges and incorporates herein the allegations of paragraphs 28 through 38 of this Complaint as if fully set forth herein.

77.     Upon information and belief, Defendant has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe one or more claims of the '389 Patent in violation of 35 U.S.C. § 271. The infringing products imported, made, used, offered for sale, and/or sold by Defendant include, but are not necessarily limited to, the 30" Electric Smoker product discussed herein.

78.     Masterbuilt has and continues to suffer damages as a direct and proximate result of Defendant's infringement and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

79.     Defendant's infringing product(s) compete with Masterbuilt in the market in which the '389 Patent is used. The channels through which Masterbuilt and Defendant sell their products are similar and overlap.

80.     In the absence of an injunction, Defendant reasonably possesses the capability to continue infringement of the '389 Patent.

81. Masterbuilt is entitled to: (a) damages adequate to compensate it for Defendant's infringement; (b) its attorneys' fees and costs; and (c) a permanent injunction.

### COUNT FIVE – DESIGN PATENT INFRINGEMENT: U.S. PATENT NO. D560,424

82. Masterbuilt realleges and incorporates herein the allegations of paragraphs 39 through 49 of this Complaint as if fully set forth herein.

83. Upon information and belief, Chard has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the claim of the '424 Patent in violation of 35 U.S.C. §271. The infringing products imported, made, used, offered for sale, and/or sold by Defendant include, but are not necessarily limited to, the "15 Liter Electric Turkey Fryer" discussed herein.

84. Masterbuilt has and continues to suffer damages as a direct and proximate result of Defendant's infringement and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

85. Masterbuilt is entitled to: (a) damages adequate to compensate it for Defendant's infringement; (b) its attorneys' fees and costs; and (c) a permanent injunction.

### COUNT SIX – UTILITY PATENT INFRINGEMENT: U.S. PATENT NO. 6,941,857

86. Masterbuilt realleges and incorporates herein the allegations of paragraphs 50 through 60 of this Complaint as if fully set forth herein.

87. Upon information and belief, Chard has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe one or more claims of the '857 Patent in violation of 35 U.S.C. §271. The infringing products imported, made, used, offered for sale,

and/or sold by Defendant include, but are not necessarily limited to, the "15 Liter Electric Turkey Fryer" discussed herein

88. Masterbuilt has and continues to suffer damages as a direct and proximate result of Chard's infringement and will suffer additional and irreparable damages unless Chard is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

89. Masterbuilt is entitled to: (a) damages adequate to compensate it for Defendant's infringement; (b) its attorneys' fees and costs; and (c) a permanent injunction.

## PRAYER FOR RELIEF

WHEREFORE, Masterbuilt seeks the following relief:

a. That Defendant be permanently enjoined from further infringement of the '809 Trademark pursuant to Lanham Act § 32, 15 U.S.C. § 1114;

b. That Defendant be assessed the cost of future corrective advertising reasonably required to correct any public confusion caused by its infringement of the '809 Trademark;

c. That Defendant be required to remit to Masterbuilt its profits realized from the sale of products that infringe the '809 Trademark;

d. That Defendant be required to destroy all labels, signs, prints, packages, wrappers, advertisements, and any other materials in its possession that infringe the '809 Trademark or any reproduction thereof;

e. That Defendant be permanently enjoined from further infringement of the '798 Patent pursuant to 35 U.S.C. §283;

f. That Defendant be permanently enjoined from further infringement of the '389 Patent pursuant to 35 U.S.C. §283;

g. That Defendant be permanently enjoined from further infringement of the '424 Patent pursuant to 35 U.S.C. § 283;

h. That Defendant be permanently enjoined from further infringement of the '857 Patent pursuant to 35 U.S.C. § 283;

i. That Defendant be ordered to pay damages adequate to compensate Masterbuilt for its infringement of the '798 Patent pursuant to 35 U.S.C. §284;

j. That Defendant be ordered to pay damages adequate to compensate Masterbuilt for its infringement of the '389 Patent pursuant to 35 U.S.C. §284;

k. That Defendant be ordered to pay damages adequate to compensate Masterbuilt for its infringement of the '424 Patent pursuant to 35 U.S.C. § 284;

l. That Defendant be ordered to pay damages adequate to compensate Masterbuilt for its infringement of the '857 Patent pursuant to 35 U.S.C. § 284;

m. That Defendant be ordered to pay Masterbuilt's reasonable attorneys' fees;

n. That Defendant be ordered to pay all costs associated with this action;

o. That Defendant be ordered to pay interest as allowed by law; and

p. That Masterbuilt be granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Masterbuilt demands a trial by jury of all issues triable of right by a jury.

THIS 6th day of May, 2014.

        /s/ Thomas F. Gristina
        William L. Tucker
        Georgia State Bar No. 718050
        Thomas F. Gristina
        Georgia State Bar No. 452454
        **PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.**
        Synovus Centre
        1111 Bay Avenue, Third Floor
        Columbus, Georgia 31901
        Telephone: (706) 324-0251
        Facsimile: (706) 243-0417
        Email: wlt@psstf.com

        J. Scott Culpepper
        Georgia State Bar No. 200950
        Anna C. Halsey
        Georgia State Bar No. 208034
        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
        One Atlantic Center
        1201 W. Peachtree Street NW
        Suite 2500
        Atlanta, Georgia 30309-3453
        Telephone: (404) 760-4300
        Facsimile: (404) 233-1267
        Email: jsculpepper@rkmc.com

        *Attorneys for Plaintiff Masterbuilt Manufacturing, Inc.*